# UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BARBARA ANN FREEMAN-BROWN, | ) | Case No. 22-70889-FJS |
| | ) | |
| | ) | |
| *Debtor*. | ) | Chapter 13 |
| | ) | |

## ORDER DENYING REQUEST TO TEMPORARILY DEFER CREDIT COUNSELING REQUIREMENT AND DISMISSING CASE FOR FAILURE TO COMPLY WITH 11 U.S.C. § 109(h)(1)

This matter came before the Court upon Barbara Ann Freeman-Brown's request for a temporary deferment of the credit counseling requirement, which was filed with the Voluntary Petition on May 27, 2022.  In Part 5 of the Voluntary Petition, Ms. Freeman-Brown certified under penalty of perjury, "I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement," and attached a separate sheet, explaining the basis for her request for a deferment of the credit counseling requirement (collectively, the "Request for Deferment").

Pursuant to 11 U.S.C. § 109(h)(1), an individual must receive credit counseling from an approved agency during the 180-day period ending on the date of the filing of the petition to be eligible to be a debtor under Title 11, unless the individual qualifies for one of the specific exceptions designated in §§ 109(h)(2), 109(h)(3), or 109(h)(4).  The Request for Deferment seeks an exception from the pre-petition credit counseling requirement under § 109(h)(3), which provides that—

[T]he requirements of [§ 109(h)(1)] shall not apply with respect to a debtor who submits to the court a certification that—

> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made that request; and

> (iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3).

Ms. Freeman-Brown did not file a separate sheet in support of the Request for Deferment to explain any exigent circumstances that would merit a waiver of the credit counseling services required by § 109(h)(1). The Court finds that without any information from Ms. Freeman-Brown, there is not sufficient exigency to necessitate that she file the petition in this case prior to obtaining credit counseling services.

For these reasons, the Court finds that Ms. Freeman-Brown does not qualify for a temporary deferment of credit counseling under § 109(h)(3) and is therefore not eligible to be a debtor under Title 11 for failure to comply with the requirements of § 109(h)(1). As a result, the Court finds that Ms. Freeman-Brown' bankruptcy case must be dismissed.

Accordingly, the Court ORDERS that the above-captioned bankruptcy case is DISMISSED WITHOUT PREJUDICE.

The balance of the filing fee in the amount of $313.00 remains outstanding.

It is further ORDERED that the dismissal of this case revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case. The Trustee need not file a final report in this case unless property or money was administered.

The Clerk shall deliver copies of this Order to the Debtor and the Chapter 13 Trustee.

IT IS SO ORDERED.

May 31 2022

/s/ Frank J Santoro

FRANK J. SANTORO
Chief United States Bankruptcy Judge

Entered On Docket: May 31 2022